UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENT W. PORTER Sr., <br><br> Plaintiff, <br><br> v. <br><br> MARY C. WARD ASSISTANT ATTORNEY GENERAL, <br><br> Defendant. | Case No. C05-5230FDB <br><br> REPORT AND RECOMMENDATION <br><br> **NOTED FOR:** <br> **JULY 29TH, 2005** |

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). The plaintiff has been granted leave to proceed *in forma pauperis*. Before the court is defendant's motion to dismiss. (Dkt. # 11). The motion is supported by the declaration of Assistant Attorney General Mary C. Ward and the documents attached to her declaration. (Dkt. # 10).

Plaintiff has responded by filing a "Motion not to dismiss", (Dkt. # 16) and defendant has replied. (Dkt. # 17). Having reviewed the entire file the undersigned recommends that this action be **DISMISSED WITH PREJUDICE.** The only named defendant is entitled to absolute immunity.

FACTS

REPORT AND RECOMMENDATION- 1

Plaintiff is a Native American currently incarcerated at the Airway Heights Correction Center. Acting in her capacity as an Assistant Attorney General assigned to represent the Washington State Department of Social Health Services the defendant filed a dependency petition as to plaintiff's daughter when the guardian died in September of 2003. Plaintiff's daughter was 16 and the Aunt taking care of the child indicated to the Pierce County Sheriffs's Office she would no longer care for the child. The petition represented that plaintiff's parental rights had been terminated. The Department of Social Health Services later learned that plaintiff's parental rights had not been terminated but that he was incarcerated. (Dkt. # 10 and 11). Upon learning of the filing of the petition plaintiff's daughter allegedly ran away and remained in hiding until turning 18.

Plaintiff is contesting the petition in state court and has also filed this action. Defendant raises the affirmative defense of absolute immunity. (Dkt. # 11).

## DISCUSSION

A prosecuting attorney who initiates and prosecutes an action is immune from a civil suit for money damages under 42 U.S.C. S 1983. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976). Absolute immunity applies only when the challenged activity is intimately associated with the judicial phase of the process. <u>Id</u>. at 430. Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority. <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1078 (9th Cir.1986). A prosecutor's activities in connection with the preparation and filing of charges are extremely similar to the actions of an Assistant Attorney General in cases like the one here regarding the filing of dependency petitions.

Absolute immunity extends to social workers who prepare child custody cases and the court believes it also extends to Assistant Attorney Generals who represent the department in court. <u>Babcock v. Tyler</u>, 884 F.2d 497, 501-02 (9th Cir.1989) (affording absolute immunity from liability under 42 U.S.C. S 1983 to child protective services workers who executed a court order for seizure and placement of a child in dependency proceedings). The court finds absolute immunity appropriate for an Assistant Attorney General who appears in court to represent the Washington State Department of Social Health Services in child custody proceedings. Having made this determination

REPORT AND RECOMMENDATION- 2

1 the court does not address any other argument as absolute immunity prevents the plaintiff from
2 obtaining relief.

## CONCLUSION

The only named defendant is entitled to absolute immunity for appearing in state court as an Assistant Attorney General representing the Washington State Department of Social Health Services in a child custody petition. Accordingly, this action should be **DISMISSED WITH PREJUDICE**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 29th, 2005.**

DATED this 30th day of June, 2005.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3